FILED
APR 27 2009
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| BRAD REIS, | ) | CIV. 08-5046-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Brad Reis (Reis) commenced this action seeking review of the Commissioner's determination that he is no longer disabled and therefore terminating his Social Security disability benefits. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

After being diagnosed with follicular lymphoma, Reis applied for disability benefits. Administrative Record (AR) 12. He was awarded benefits on March 16, 2001, approximately one month after the filing of his application. AR 12. In January of 2005, as a matter of course, a continuing disability review was conducted. AR 12. As a result of that review, it was determined that Reis had medically improved as of March of 2005, and was no longer disabled, thus terminating his benefits. AR 12.

Reis appealed the determination of medical improvement. AR 12. This appeal was denied initially and upon reconsideration. AR 12. Reis then requested a hearing before an ALJ. AR 12. A hearing before an ALJ was held on June 8, 2006. AR 12. Based upon the record and the testimony received at that hearing, the ALJ determined that there was a cessation of Reis's disability and that he should no longer receive disability benefits. AR 12.

In coming to this conclusion, the ALJ first determined that Reis had not engaged in substantial gainful activity as required by the first step of analysis. AR 14. The ALJ next determined what impairments, if any, Reis suffered. AR 14. Under this step, the ALJ reviewed Reis's medical records. He noted that Reis had previously been determined disabled because he suffered from follicular lymphoma, and as a result, the ALJ had to determine if Reis had experienced medical improvement. AR 15. The evidence cited by the ALJ showed that Reis was "doing exceptionally well with no evidence of recurrence of his lymphoma" from 2003 through 2005. AR 15. The ALJ also determined that this medical improvement related to Reis's ability to work. AR 25. As a result, the ALJ proceeded through the prescribed procedure for disability determinations to resolve if Reis was still entitled to receive disability benefits.

The ALJ determined that Reis suffered from the severe impairments of "a history of non-Hodgkins lymphoma which has been in remission since 2003, cervical disc disease and neck pain, and allergies and asthma." AR 25. The ALJ then determined that Reis had the residual functional capacity (RFC) to stand/walk for at least four hours and sit for at least six hours, but could not be exposed to extreme cold or heat, pulmonary irritants, or "hazards of the workplace." AR 25. This equated to the RFC of light work. AR 20. With this RFC, the ALJ concluded that Reis could not perform his past relevant work as a miner. AR 24. Based upon the testimony of a vocational expert, however, the ALJ determined that jobs exist which Reis could perform. AR 26. As a result, Reis was determined to no longer be suffering from a disability. AR 26.

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind might find it adequate to support the conclusion. Fines v Apfel, 149 F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d

249, 250 (8th Cir. 1993)). See also Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). See also Onstead v. Sullivan, 962 F.2d 803 (8th Cir. 1992) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

However, the Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836

4

(8th Cir. 1983). As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently. Smith, 987 F.2d at 1374.

## DISCUSSION

Reis contends that the determination of the ALJ should be reversed because the ALJ erred when he failed to give controlling weight to the opinion of Reis's treating physicians. The Eighth Circuit has held that "[a] treating physician's opinion is generally entitled to substantial weight, but it does not automatically control, because the ALJ must evaluate the record as a whole." Davidson v. Astrue, 501 F.3d 987, 990 (8th Cir. 2007) (citing Charles v. Barnhart, 375 F.3d 777, 783 (8th Cir. 2004)). Nonetheless, the ALJ is required to "give good reasons in [the] notice of determination or decision for the weight [given to the] treating source's opinion." 20 C.F.R. § 404.1527 (d)(2).

In support of his claim for continuing disability, Reis submitted letters from his treating physicians, Drs. Bartsch, Groeger, Bociek, and Janss. Each physician concluded that Reis is disabled and should continue to receive benefits. Handling each physician separately, the ALJ systematically determined that the opinions should not be given controlling weight.

5

In a letter dated March 24, 2005, Dr. Bartsch, who treats Reis for his lymphoma, offered that "[d]ue to symptoms [Reis] experiences from his disease and treatment, he is unable to work." AR 297. Dr. Bartsch also made specific findings in a medical assessment that Reis could sit for one hour at a time for no more than 4 hours during the day and needed to rest 1-2 hours daily due to the effects of chemotherapy. AR 21, 348. The ALJ, however, after performing a thorough review of the Dr. Bartsch's treatment notes and the medical records, rejected Dr. Bartsch's opinion stating that the opinion was not supported by the treatment notes. AR 22.

Like Dr. Bartsch, Dr. Groeger, was of the opinion that Reis should be determined to be disabled. Dr. Groeger, in a letter dated March 2, 2005, stated that he does "not believe that [Reis] would be able to be gainfully employed without having to take time out for his treatment and for rest because of the fatigue." AR 280. Additionally, Dr. Groeger noted that "[g]oing off disability will also create a huge financial burden, because [Reis] will not be able to get health insurance and he will not be able to pay for his own chemotherapy." AR 280. The ALJ found that Dr. Groeger's treatment of Reis was "sporadic." AR 21. The ALJ also concluded that Dr. Groeger's assessment consisted of vague and conclusory statements that were not supported by the medical records. AR 21. As a result, the ALJ rejected Dr. Groeger's opinion.

Dr. Bociek, who treats Reis in conjunction with Dr. Bartsch, also wrote a letter in support of Reis's claim for disability. AR 330. In his letter, Dr. Bociek stated, "I believe [Reis] should remain on disability as he is unable to work with his present symptomatology." AR 330. The ALJ noted that Dr. Bociek has not treated Reis since April of 2004. AR 23. As the ALJ concluded that Reis's disability ended in January of 2005, he found that Dr. Bociek's opinion offered little probative evidence. AR 23.

Finally, the ALJ considered the opinion of Dr. Janss who was treating Reis for his allergies and asthma. AR 23. In a letter dated April 13, 2005, Dr. Janss discussed how Reis's immune system was impaired and that he has a "propensity to recurrent infections." AR 341. She concluded her letter by stating that "[w]e recommend that disability be granted." AR 341. The ALJ found that Dr. Janss's opinion was of little substantive value because of its conclusory nature. Furthermore, the ALJ found that the treatment records did not support the conclusion of Dr. Janss as the records evidence few complaints regarding these impairments. AR 23.

As stated previously, a treating physician's opinion is generally given substantial weight. Davidson v. Astrue, 501 F.3d 987, 990 (8th Cir. 2007) (citing Charles v. Barnhart, 375 F.3d 777, 783 (8th Cir. 2004). The Eighth Circuit has held, however, that "[a] treating physician's opinion does not deserve controlling weight when it is nothing more than a conclusory statement." Hamilton v. Astrue, 518 F.3d

607, 610 (8th Cir. 2008) (citations omitted). Furthermore, "[f]or a treating physician's opinion to have controlling weight, it must be supported by medically acceptable laboratory and diagnostic techniques and it must not be 'inconsistent with the other substantial evidence in [the] case record.'" Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1527(d)(2)).

The Court finds that the ALJ's rejection of the opinions of Reis's treating physicians was proper. The ALJ's review of each of the treating physicians was thorough and complete. The record simply does not support the assessment of the physicians that Reis has been disabled since 2005. As a result, the Court finds that the ALJ did not err in awarding little weight to the conclusions of the treating physicians.

Reis also asserts that the ALJ erred when he rejected Reis's claims of fatigue. In determining that Reis's claims of fatigue were not credible, the ALJ considered "(i) the claimant's activities of daily living; (ii) the location, duration and frequency and intensity of pain or other symptoms; (iii) precipitating and aggravating factors: (iv) the type, dosage, effectiveness and side effects of medications taken to alleviate pain or other symptoms; (v) treatment, other than medication, for the relief of pain or other symptoms; (vi) any measures other than medication used to relieve pain or the other symptoms; and (vii) any other factors concerning functional limitations

8

and restrictions due to pain or other symptoms produced by the medically determinable impairments." AR 17 (citing SSR 85-16; Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

Reis testified that he is able to perform numerous household activities, including mowing the lawn, vacuuming, dusting, and preparing meals. AR 393-394. Reis also testified that he occasionally goes camping and plays pool. AR 395, 398. The ALJ concluded these activities of daily living belie Reis's claims of disabling fatigue and pain. Furthermore, the ALJ found that the medical evidence does not support Reis's claims of fatigue and pain. Reis uses low-dose pain medication and has not sought any other treatment for his pain. AR 18. Moreover, the ALJ noted that Reis did not request resuming medications or consistently complained of fatigue and pain until after the initial determination that his disability had ceased. AR 18. The Court finds that the ALJ has properly determined that Reis's complaints of fatigue and pain are not credible.

## CONCLUSION

As stated previously, the Court is obligated to affirm the decision of the ALJ as long as it is supported by substantial evidence. . Smith, 987 F.2d at 1374. Here, the ALJ has thoroughly reviewed the medical evidence and followed the law. As a

result, the Court finds that substantial evidence supports the conclusions of the ALJ and affirms the ALJ's determination of not disabled. Accordingly, it is hereby

ORDERED that the motion to reverse the ALJ (Docket #1) is denied.

Dated this 27th day of April, 2009.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE